OPINION
{¶ 1} Appellant James Verdream pleaded guilty to three counts of fifth degree felony theft and was sentenced to the maximum sentences for each count, to be served consecutively. Appellant argues that he was amenable to community control sanctions, but that the trial court imposed a prison sentence because Appellant did not pay approximately $5,000 in restitution prior to the sentencing hearing. It appears from the record that Appellant has completed serving his prison sentence, and for the following reasons, we dismiss this appeal because the issue on appeal is moot.
 {¶ 2} On January 17, 2002, Appellant was indicted in the Mahoning County Court of Common Pleas on one count of theft of construction tools, R.C. 2913.02(A)(2), one count of passing bad checks, R.C.2913.11(A), and one count of theft of U.S. currency from Home Savings Loan Co., R.C. 2913.02(A)(1), all fifth degree felonies. This was designated as case No. 01 CR 1378.
 {¶ 3} On February 14, 2002, Appellant was indicted in Mahoning County for one count of theft of U.S. currency from the Westside Sparkle Market, in violation of R.C. 2913.02(A)(3), also a fifth degree felony.
 {¶ 4} The two indictments were joined on March 19, 2002. At this point, the cases were reassigned to a different judge in the Mahoning County Court of Common Pleas.
 {¶ 5} On April 4, 2002, Appellant entered into a Crim.R. 11 plea agreement. Appellant pleaded guilty to three counts of theft in violation of R.C. 2913.11(A)(1), (2), and (3), all fifth degree felonies. The maximum prison term for each count was twelve months. The remaining charge, dealing with passing bad checks, was dropped. The trial court accepted the guilty pleas and sentencing was set for June 5, 2002.
 {¶ 6} The case was called for sentencing on June 5, 2002, but the hearing was continued to an unspecified date. As part of the continuation, the court released Appellant to the custody of the Community Corrections Association. (6/5/2002 J.E.) One of the conditions of release was that Appellant complete the residential program at Community Corrections Association. The court did not allow Appellant to be released from the custody of Community Corrections Association for any reason. The court planned to set the sentencing hearing date after Appellant completed the residential program. (6/5/2002 J.E.) Appellant was not actually permitted to enter Community Corrections Association, though, because he was scheduled to be incarcerated in Summit County on a separate criminal matter. (6/5/2002 Tr., p. 6.)
 {¶ 7} Appellant's exact incarceration status after June 5, 2002, is not entirely clear from the record. The record contains a Warrant for Removal dated October 25, 2002, placing a hold on Appellant after he completed a term of incarceration in the Belmont Correctional Institution. Other parts of the record indicate that he was incarcerated in Summit County. There does not appear to be any dispute, though, that Appellant was continuously incarcerated somewhere during the entire time his cases were being litigated in Mahoning County.
 {¶ 8} The sentencing hearing was continued to November 22, 2002. The prosecutor recommended a one-year prison sentence for each of the three counts in the indictment, to be served concurrently. (11/22/2002 Tr., p. 2.) The trial court sentenced Appellant to twelve months in prison on each of the two counts in Case No. 01-CR-1378, to be served concurrently. (11/26/2002 J.E.) The trial court ordered Appellant to serve twelve months in prison on the count of theft in Case No. 02-CR-72, to be served consecutively to the prison term in case No. 01-CR-1378. The court granted Appellant 366 days of jail-time credit to be applied to his sentence.
 {¶ 9} Appellant filed this timely appeal on December 2, 2002.
 {¶ 10} Appellant's sole assignment of error states:
 {¶ 11} "THE TRIAL CORT [sic] COMMITTED REVERSIBLE ERROR IN SENTENCING DEFENDANT TO MAXIMUM AND CONSECUTIVE SENTENCES."
 {¶ 12} Appellant argues that a felony sentence must be guided by the felony sentencing statutes. Appellant argues that multiple sentences are presumed to be concurrent unless the trial court complies with the requirements of R.C. 2929.14(E)(4) regarding consecutive sentences. Appellant also argues that maximum sentences may only be imposed if the court follows the felony sentencing guidelines.
 {¶ 13} The underlying theme of Appellant's arguments on appeal is that the trial court should not have imposed a prison term at all because Appellant was amenable to community control sanctions. This appeal, therefore, deals solely with a sentencing issue. It is clear from the record that Appellant did not request a stay of execution of his prison sentence pending appeal, and that his sentence was due to be completed in November 2003. This raises the question as to whether the appeal is now moot. We are well aware that an appeal challenging a felony conviction is not moot even if the entire sentence has been served before the appeal is decided, because there are many adverse collateral disabilities that accompany a felony conviction even after the sentence has been served.State v. Golston (1994), 71 Ohio St.3d 224, 643 N.E.2d 109. For example, a convicted felon may not serve as a juror, may never hold an office of "honor, trust, or profit," may not engage in certain occupations, and may not obtain or hold certain licenses. Id. at 227. The holding in Golston,
though, cannot be applied to a defendant who is only challenging the correctness of the felony sentence itself. If an individual has already served his sentence and is only questioning whether or not the sentence was correct, there is no remedy that we can apply that would have any effect in the absence of a reversal of the underlying conviction. Statev. Beamon (Dec. 14, 2001), 11th Dist. Nos. 2000-L-160, 2001-Ohio-8712; see, also, State v. Moore (Sept. 19, 2002), 7th Dist. No. 00AP0741. Appellant is not challenging the underlying conviction, and therefore, this appeal is now moot.
 {¶ 14} Based on the record and on the analysis outlined above, we dismiss this appeal as moot because Appellant has fully served his sentence and because the appeal deals solely with a sentencing issue.
Vukovich and DeGenaro, JJ., concur.