OPINION
{¶ 1} Defendant-appellant Edward James Neville appeals the decision of the Belmont County Common Pleas Court denying his motion for 146 days of jail time credit. The issue raised in this appeal is whether the trial court erred when it failed to count the 114 days Neville spent in jail in Pennsylvania while awaiting extradition towards his twelve-month sentence. For the reasons stated below, the trial court erred in failing to grant Neville credit for the 114 days he was confined in Pennsylvania awaiting extradition. Thus, the decision of the trial court is reversed.
 STATEMENT OF FACTS {¶ 2} Neville was indicted by the Belmont County Grand Jury on one count of Harassment by an Inmate, a violation of R.C. 2921.38(A), and one count of Vandalism, a violation of R.C. 2909.051(B)(2). Both are fifth-degree felonies.
 {¶ 3} On September 12, 2002, Neville pled guilty to both counts. Pending sentencing, he was released on a personal recognizance bond. Neville fled the State of Ohio and failed to appear at the sentencing hearing. A capias was issued and Neville was ultimately arrested in Pennsylvania on April 23, 2003. Neville was held in Pennsylvania awaiting extradition until August 14, 2003.
 {¶ 4} On September 2, 2003, Neville was sentenced to six months for the Harassment by an Inmate charge and six months for the Vandalism charge. The trial court ordered the sentences to be served consecutive to each other. (09/02/03 Journal Entries). The trial court, at that time, granted Neville a total of 54 days credit for time served "together with future days while defendant awaits transportation to the appropriate institution." (09/02/03 Journal Entries). This amounted to 60 days for time served.
 {¶ 5} On September 17, 2003, Neville filed a motion with the trial court requesting credit for an additional 146 days served. The motion did not contain a request for a hearing. The state filed a response claiming that credit for the additional days was not warranted. On October 6, 2003, the trial court overruled Neville's motion without holding a hearing. Neville appeals from that ruling raising one assignment of error.
 ASSIGNMENT OF ERROR {¶ 6} "The sentencing court erred by failing [sic] grant credit for time defendant-appellant served while awaiting extradition from pennsylvania to ohio pursuant to R.C. 2967.191."
 {¶ 7} Neville argues that the trial court incorrectly calculated the number of days to be credited to his prison time. The basis of his argument is that pursuant to R.C. 2967.191 he was entitled to credit for the 114 days he spent in a Pennsylvania jail awaiting extradition, which the trial court refused to credit to his prison term. Thus, according to him, his release date should have been in March 2004 rather than in July 2004.
 {¶ 8} The record is clear that Neville did not request a stay of execution of his prison sentence pending appeal, and that his sentence was due to be complete in July 2004. Since Neville has completed his sentence this raises a question as to whether the appeal is now moot.
 {¶ 9} As we have explained in prior cases, typically appeals challenging a felony conviction are not moot even if the entire sentence has been served before the appeal is decided because there are many adverse collateral disabilities that accompany a felony conviction even after the sentence has been served. Statev. Verdream, 7th Dist. No. 02CA222, 2003-Ohio-7284, citingState v. Golston, 71 Ohio St.3d 224, 1994-Ohio-109 (explaining that, among other things, a convicted felon cannot serve as a juror, hold an office of "honor, trust or profit," engage in certain occupations, and obtain or hold certain offices). However, this rationale is not applicable when an appellant is solely attacking the length and/or correctness of the felony sentence itself. Verdream, 7th Dist. No. 02CA222, at ¶ 13. "If an individual has already served his sentence and is only questioning whether or not the sentence was correct, there is no remedy that we can apply that would have any effect in the absence of a reversal of the underlying conviction." Id., citingState v. Beamon, 11th Dist. No. 2000-L-160, 2001-Ohio-8712;State v. Moore, 7th Dist. No. 00AP0741, 2002-Ohio-5047.
 {¶ 10} Our rationale for holding the Verdream appeal moot equally applies to the instant matter where the sentence has been served and the only issue on appeal is whether the trial court improperly calculated jail time credit. Thus, this appeal is moot. Nonetheless, a court may decide the issues raised where the issues are capable of repetition, yet evade review. State v.Fox, 3d Dist. No. 16-2000-17, 2001-Ohio-2116, citing State exrel. Beacon Journal Publishing Co. v. Donaldson (1992),63 Ohio St.3d 173, 175, quoting State ex rel. Plain Dealer PublishingCo. v. Barnes (1988), 38 Ohio St.3d 165. See, also, State v.Lovely, 12th Dist. No. CA2003-06-063, 2003-Ohio-701, at ¶ 5 and ftnt. 3 (discussing suspension of driver's license privileges that are capable of repetition, yet evade review and therefore are moot).
 {¶ 11} Sentencing issues raised in appeals of fourth and fifth degree felonies are capable of repetition, yet evade review. Fox, 3d Dist. No. 16-2000-17. Thus, they may be addressed. Likewise, fourth and fifth degree felony sentences where the issue concerns credit for time served awaiting extradition are also issues capable of repetition, yet evade review. For these reasons, this court is vested with jurisdiction to address the merits of Neville's assignment of error.
 {¶ 12} As aforementioned, Neville's argument is that the trial court erred in calculating credit for time served pursuant to R.C. 2967.191. He contends that he was entitled to credit for the 114 days he was confined in a Pennsylvania jail while awaiting extradition.
 {¶ 13} In addressing the trial court's obligation to properly calculate credit for time served pursuant to R.C. 2967.191, we have stated the following:
 {¶ 14} "It is the trial court's responsibility to properly calculate the amount of days for which such credit may be given.State v. Carroll, 5th Dist. No. 01CA48, 2002-Ohio-764, citingState ex rel. Corder v. Wilson (1991), 68 Ohio App.3d 567. Since the provisions are mandatory, the trial court's failure to properly calculate such credit and include it in the body of the sentencing order is plain error. See State v. Hawkins (Apr. 9, 1999), 2d Dist. No. 98CA6 and State v. Hinzman (June 19, 1986), 8th Dist. Nos. 50829, 50830.
 {¶ 15} "R.C. 2967.191 mandates that the Department of Rehabilitation and Corrections reduce a prisoner's sentence and eligibility for parole (where applicable) in the following manner:
 {¶ 16} "`[B]y the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve [his] prison term.'
 {¶ 17} "* * *
 {¶ 18} "R.C. 2949.12, which addresses the calculation of time, conveyance, and incarceration assignments of convicted felons exclusively, is also applicable here. This section states that the prisoner's sentencing order should also reflect, `* * * pursuant to section 2967.191 of the Revised Code * * * the total number of days, if any, that the felon was confined for any reason prior to conviction and sentence.' R.C. 2949.12." Statev. Cook, 7th Dist. No. 00CA184, 2002-Ohio-7170. See, also,State v. Fair, 136 Ohio App.3d 184, 2000-Ohio-1614 (stating the Adult Parole Authority has the duty to grant jail time credit, however, the trial court has the duty to properly calculate the number of days to be credited); State ex rel. Pierson v. OhioDept. of Rehabilitation and Correction, 7th Dist. No. 02CA177, 2003-Ohio-806, at ¶ 11 (stating availability of a legal remedy by way of an appeal from the order denying additional days of credit forecloses the use of an extraordinary remedy).
 {¶ 19} The state argues that R.C. 2967.191 does not expressly specify that a prison term must be reduced by the number of days an individual is confined for absconding from the trial court's jurisdiction while awaiting extradition. The state's argument insinuates that since credit for time confined while awaiting extradition is not listed in the statute, Neville is not entitled to credit for the 114 days he was held in a Pennsylvania jail awaiting extradition.
 {¶ 20} We find this argument unpersuasive. R.C. 2967.191 is not an inclusive statute, meaning the statute lists situations where credit for time served is applicable, but it does not limit the situations where it is applicable to only those listed in the statute. Thus, even though credit for time served while awaiting extradition is not listed in the statute it does not preclude a defendant from receiving credit for that time served as long as the reason for the confinement arose out of the offense for which the prisoner was convicted and sentenced.
 {¶ 21} Neville contends that his Pennsylvania confinement arose out of the offense, i.e. harassment and vandalism, for which he was convicted and sentenced. The state disagrees and argues that absconding from Ohio's jurisdiction was independent and unrelated to the harassment and vandalism charges and sentences. The state analogizes the case at hand to State exrel. Gillen v. Ohio Adult Parole Auth., 72 Ohio St.3d 381,1995-Ohio-194.
 {¶ 22} Neville did abscond from Ohio's jurisdiction. However, his stay in a Pennsylvania county jail was related only to the fact that a capias was issued because he failed to appear for the sentencing on the harassment and vandalism cases. The record is devoid of any indication that he was arrested for any other reason than because a capias was issued for his arrest. The sole reason for his stay in Pennsylvania was for failing to appear at the vandalism and harassment sentencing hearing.
 {¶ 23} Considering the above facts and R.C. 2967.191, we agree with Neville that his confinement arose out of the offense for which he was convicted and sentenced. At the time the state was notified that he was apprehended in Pennsylvania it had the option of charging him with R.C. 2937.29 and R.C. 2937.99. R.C. 2937.29 states, in pertinent part:
 {¶ 24} "[B]efore or after conviction, the accused may be released on his own recognizance. A failure to appear as required by such recognizance shall constitute an offense subject to the penalty provided in section 2937.99 of the Revised Code."
 {¶ 25} R.C. 2937.99(A) and (B) provide that if the failure to appear was in connection with a felony charge, then the failure to appear is a felony of the fourth degree and subject to penalties in accordance with that classification. If the state chooses not to charge the fleeing felon and the felon is in jail solely on the pending charges in Ohio then that felon is entitled to credit for the time served. To allow otherwise would be a circumvention of the criminal justice system, i.e. a felon would be punished for a crime which he was not charged, tried, convicted or sentenced.
 {¶ 26} Furthermore, despite the state's insistence, this case is not similar to the Gillen case. In Gillen, Gillen
claimed credit under R.C. 2967.191 for time served in New York while he was a parole violator. Gillen was being held in New York as an Ohio parole violator and on charges filed there. One reason the Supreme Court stated that he would not receive credit for the time spent in New York was because of the charges New York filed against him for violating its law. Id. This fact renders the case distinguishable from the case sub judice.Gillen's confinement in New York arose out of a violation of New York law; it did not arise out of him being a parole violator. Thus, we find that the Gillen holding is distinguishable from the case at hand.
 {¶ 27} As previously stated, the record is devoid of any indication that Neville was arrested for any other reason than for his failure to appear in Ohio for sentencing. Furthermore, the record is devoid of any indication that Neville was charged with failure to appear. Thus, he was entitled to credit for the 114 days he remained confined in Pennsylvania awaiting extradition. The trial court erred in denying his motion for credit for time served.
 {¶ 28} Additionally, Neville also finds fault with the trial court's failure to hold a hearing on his motion for credit for time served. This argument fails for two reasons. First, there is no requirement that the trial court must hold a hearing on this type of motion. See Crim. R. 47. Second, the motion did not contain a request for a hearing. Thus, the trial court did not error in failing to hold a hearing.
 {¶ 29} For the foregoing reasons, the trial court erred in denying Neville's motion for credit for time served. Thus, the trial court's decision is reversed. Unfortunately, since Neville's sentence has already been served in its entirety, this ruling has no affect on him.
Waite, P.J., concurs.
Donofrio, J., concurs.