OPINION
{¶ 1} Appellant Megan J. Smathers appeals her sentencing entered by the Ashland County Court of Common Pleas.
 STATEMENT OF THE CASE {¶ 2} On May 2, 2005, Appellant Megan Smathers entered guilty pleas to two (2) counts of Burglary, in violation of R.C.2911.12(A)(3), felonies of third degree and two (2) counts of Attempt (Grand Theft), in violation of R.C. 2903.02 and R.C.2913.02(A)(1), felonies of fourth degree.
 {¶ 3} By Judgment Entry dated May 11, 2005, the trial court sentenced Appellant as follows:
 {¶ 4} Count Two Burglary: three (3) years;
 {¶ 5} Count Three Attempt (Grand Theft): eighteen (18) months;
 {¶ 6} Count Four Burglary: three (3) years;
 {¶ 7} Count Five Attempt (Grand Theft): eighteen (18) months.
 {¶ 8} Counts Three, Four and Count Five were ordered to be served concurrently to Count Two. Count Two was ordered to be served consecutively to the November 29th, 2004, sentence of the Medina County Court of Common Pleas.
 {¶ 9} Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 10} "I. THE TRIAL COURT ERRED IN ORDERING THE SENTENCES IN THE INSTANT CASE TO BE SERVED CONSECUTIVELY TO THE SENTENCE FOR THE CASES IN MEDINA COUNTY FOR OFFENSES WHICH WERE PART OF A COURSE OF CONDUCT WHICH INCLUDED THE OFFENSES IN THE INSTANT CASE.
 {¶ 11} "II. THE TRIAL COURT ERRED IN ORDERING PRISON TERMS FOR FOURTH DEGREE NONDRUG FELONY OFFENSES AND NOT SPECIFYING AT SENTENCING, THAT IT FOUND ONE OR MORE OF THE FACTORS JUSTIFYING IMPOSITION OF PRISON SENTENCE SPECIFIED IN ORC 2929.13(B)(1)(a) THROUGH (i).
 {¶ 12} "III. THE TRIAL COURT'S SENTENCE IN THE INSTANT CASE IS CONTRARY TO LAW AND DOES NOT SERVE THE OVERRIDING PURPOSES OF FELONY SENTENCING.
 {¶ 13} IV. THE TRIAL COURT ERRED IN IMPOSING SENTENCE UPON THE DEFENDANT IN EXCESS OF THE MINIMUM, CONCURRENT SENTENCE ON ALL COUNTS AS REQUIRED BY THE CONSTITUTION. U.S. CONST. AMEND. VI."
 I., II., III., IV. {¶ 14} Appellant claims the trial court erred in sentencing.
 {¶ 15} The Ohio Supreme Court, in its recent decision in State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, reviewed Ohio's current sentencing law in light of Blakely v.Washington, 542 U.S. 296, 124 S.Ct. 2538, Apprendi v. NewJersey, 530 U.S. 466, 120 S.Ct. 2348, and Ring v. Arizona
(2002, 536 U.S. 584, 122 S.Ct. 2428, and held as follows:
 {¶ 16} "The following sections, because they either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption, have no meaning now that judicial findings are unconstitutional: R.C. 2929.14(B),2929.19(B)(2), and 2929.41. These sections are severed and excised in their entirety, as is R.C. 2929.14(C), which requires judicial factfinding for maximum prison terms, and 2929.14(E)(4), which requires judicial findings for consecutive terms. R.C.2953.08(G), which refers to review of statutory findings for consecutive sentences in the appellate record, no longer applies. We also excise R.C. 2929.14(D)(2)(b) and (D)(3)(b), which require findings for repeat violent offenders and major drug offenders.
 {¶ 17} "This approach conforms to the Geiger standard. Excising the unconstitutional provisions does not detract from the overriding objectives of the General Assembly, including the goals of protecting the public and punishing the offender. See R.C. 2929.11(A). The excised portions remove only the presumptive and judicial findings that relate to "upward departures," that is the findings necessary to increase the potential prison penalty. We add no language and the vast majority of S.B. 2, which is capable of being read and of standing alone, is left in place.
 {¶ 18} "We therefore hold that R.C. 2929.14(B) and (C) and2929.19(B)(2) are capable of being severed. After the severance, judicial factfinding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant. We further hold that R.C. 2929.14(E)(4) and 2929.41(A) are capable of being severed. After the severance, judicial factfinding is not required before imposition of consecutive prison terms. Finally, we hold that R.C. 2929.14(D)(2) and (3) are capable of being severed. After the severance, judicial factfinding is not required before imposition of additional penalties for repeat violent offender and major drug offender specifications. The appellate statute R.C. 2953.08(G), insofar as it refers to the severed sections, no longer applies.
 {¶ 19} "Accordingly, we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. By vesting sentencing judges with full discretion, it may be argued, this remedy vitiates S.B. 2's goals, particularly with respect to reducing sentencing disparities and promoting uniformity. Indeed, the dissenters inBlakely fretted that as a result of the Apprendi expansion, "[o]ver 20 years of sentencing reform are all but lost * * *."542 U.S. at 326, 124 S.Ct. 2531, 159 L.Ed.2d 403 (O'Connor, J., dissenting). It may well be that in future the Ohio Criminal Sentencing Commission may recommend Blakely-compliant statutory modifications to the General Assembly that will counteract these, among other, concerns. Nevertheless, we are constrained by the principles of separation of powers and cannot rewrite the statutes.
 {¶ 20} "Significantly, the severance remedy preserves "truth in sentencing," a fundamental element of S.B. 2. Because offenders will continue to be sentenced to a specific prison term, all parties and the victim of the crime will know at the time of sentencing exactly what sanction that the court is imposing on the defendant. Moreover, S.B. 2 established an entirely new framework for felony sentencing in Ohio, and the breadth of its reforms is wide. For example, the legislation recategorized numerous felonies, added various sentence enhancing specifications, permitted courts to use residential and nonresidential sanctions in lieu of a prison term, required a definite term of imprisonment, and created the option of a life sentence without the possibility of parole. The overwhelming majority of those reforms survive today's constitutional decision.
 {¶ 21} "Severance also is the remedy that will best preserve the paramount goals of community safety and appropriate punishment and the major elements of our sentencing code. Removing presumptive terms and preserving the remainder of the sentencing provisions of the Code will most effectively preserve the General Assembly's goal of truth in sentencing. However tempting it may be for this court to reconfigure the sentencing code to cause the least impact on our criminal justice system, we must adhere to our traditional judicial role. Our remedy does not rewrite the statutes but leaves courts with full discretion to impose a prison term within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings that Blakely prohibits."
 {¶ 22} In the case sub judice, the sentence was based on unconstitutional statutes. When a sentence is deemed void, the ordinary course is to vacate that sentence and remand to the trial court for a new sentencing hearing. See, e.g., State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23 (where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is to resentence the offender).
 {¶ 23} In Foster, supra, the Supreme Court has directed that all cases "pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion."
 {¶ 24} In addressing the need for resentencing, the Supreme Court went on to state:
 {¶ 25} "We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 26} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66 L.Ed.2d 328.
 {¶ 27} "As the Supreme Court mandated in Booker, we must apply this holding to all cases on direct review. Id.,543 U.S. at 268, 125 S.Ct. 738, 160 L.Ed.2d 621, quoting Griffith v.Kentucky, 479 U.S. at 328, 107 S.Ct. 708, 93 L.Ed.2d 649. ("`[a] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases * * * pending on direct review or not yet final')."
 {¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is hereby reversed. The sentence is vacated and this matter is remanded to the trial court for re-sentencing in accord with the law and consistent with this opinion.
Boggins, J., Wise, P.J., and Edwards, J., concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed and remanded. Costs to Appellee.