OPINION
{¶ 1} Appellant Adam Rush ("appellant") appeals the sentence rendered by the Delaware Municipal Court. The following facts give rise to this appeal.
 {¶ 2} On February 27, 2004, appellant was arrested and charged with a first degree misdemeanor offense of domestic violence involving his ex-wife, Melanie Waite, with whom he resided. Appellant appeared in court on March 1, 2004, waived his right to counsel and entered a plea of guilty. The trial court sentenced appellant to ninety days in jail and ordered him to pay a $200.00 fine. The trial court also placed appellant, on community control for two years, and ordered him to have no contact with Ms. Waite. The trial court informed appellant that, "[i]f you fail to comply with the terms of community control, the term can be increased up to five years, additional conditions can be imposed or additional jail time and fines can be imposed * * *." Tr. Arraignment, Oct. 4, 2005, at 17.
 {¶ 3} Thereafter, Ms. Waite filed a series of requests to vacate the no contact order and reduce appellant's sentence. The trial court denied the motions to modify appellant's sentence, however, it did ultimately lift the no contact order. Appellant served the full ninety days in jail and was released. On September 10, 2005, a warrant was issued for appellant's failure to pay his fine in Case No. 04CRB00303. Appellant was rearrested on September 30, 2005. Appellant appeared before the trial court on October 4, 2005. The trial court set bond in the amount of $7,500.00. Appellant remained in jail awaiting the final revocation hearing.
 {¶ 4} On October 19, 2005, the trial court conducted a preliminary community control violation hearing. At this hearing, appellant stipulated to a finding of probable cause. The trial court denied appellant's request for a modification and reduction of his bail. On November 2, 2005, the trial court conducted the final hearing on the alleged community control violation. Appellant admitted to the violation. The trial court revoked appellant's community control and imposed an additional ninety-day jail sentence. Appellant moved the trial court to credit him for thirty-three days spent in jail in lieu of bail. The trial court denied appellant's request.
 {¶ 5} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 6} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY IMPOSING AN ADDITIONAL NINETY DAY JAIL SENTENCE FOR A VIOLATION OF COMMUNITY CONTROL BECAUSE THE COURT DID NOT SPECIFY AT THE ORIGINAL SENTENCING HEARING THAT A DEFINITE JAIL TERM FROM THE RANGE OF JAIL TERMS AUTHORIZED FOR THE OFFENSE MAY BE IMPOSED UPON THE APPELLANT FOR A VIOLATION OF COMMUNITY CONTROL SANCTIONS.
 {¶ 7} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO REDUCE THE APPELLANT'S SENTENCE FOR THE COMMUNITY CONTROL VIOLATION BY THE TOTAL NUMBER OF DAYS APPELLANT WAS CONFINED IN JAIL IN LIEU OF BAIL PENDING THE FINAL REVOCATION HEARING IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION."
 I {¶ 8} In his First Assignment of Error, appellant maintains the trial court erred when it imposed an additional ninety-day jail sentence, for a violation of community control, because the trial court did not specify, at the original sentencing hearing, that a definite jail term, from the range of jail terms authorized for the offense, may be imposed upon him for a violation of community control. We disagree.
 {¶ 9} In support of this argument, appellant cites the Ohio Supreme Court's decision in State v. Brooks,103 Ohio St.3d 134, 2004-Ohio-4746. In Brooks, the Court held a trial court sentencing an offender to a community control sanction must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation. Id. at ¶ 29. The Ohio Supreme Court addressed this issue, in the Brooks case, even though Brooks had already served his term of imprisonment for violating his community control sanctions because the situation was capable of repetition yet evading review, and the case raised an issue of public importance and general interest. Id. at ¶ 5. The Court specifically noted the issue was moot as to Appellant Brooks. Id.
 {¶ 10} As in Brooks, in the case sub judice, appellant has served his term of imprisonment for violating his community control. Accordingly, the issue appellant raises in his First Assignment of Error is moot. However, even if we were to address the issue raised in this assignment of error, we find appellant would not prevail because the Brooks decision is based on felony sentencing statutes and the trial court sentenced appellant under misdemeanor sentencing statutes. R.C. 2929.15(B), the felony sentencing statute, provides that a prison term imposed on a felon for violating community control cannot exceed that which is provided at sentencing pursuant to R.C.2929.19(B)(3). No comparable limitation on jail time is imposed for violating community control in misdemeanor cases.
 {¶ 11} The only restriction regarding misdemeanor sentencing is contained in R.C. 2929.25(C)(2), which provides that if a jail term is imposed for a community control violation, "the total time spent in jail for the misdemeanor offense and the violation of a condition of the community control sanction shall not exceed the maximum jail term available for the offense for which the sanction that was violated was imposed." Therefore, trial courts are not restricted to imposing specific jail terms referred to in the warnings given at the original sentencing hearing.
 {¶ 12} Another distinction is the fact that R.C.2929.19(B)(5) requires trial courts to notify the felon that a prison term may be imposed for violating community control and to "indicate the specific prison term that may be imposed as a sanction for the violation." However, R.C.2929.25(A)(3)(c)[1] provides that trial courts need only notify misdemeanants that they can "[i]mpose a definite jail term from the range of jail terms authorized for the offense under section 2929.24 of the Revised Code." Thus, the misdemeanor sentencing statute does not require the same degree of specificity required for community control given to felons. Instead, misdemeanants need only be notified that the court could impose a definite jail time from a range of allowable jail terms. Accordingly, in misdemeanor sentencing, the trial court is relieved from stating a specific jail sentence that could be imposed for violation of community control sanctions as required by R.C. 2929.19(B)(5).
 {¶ 13} In the case sub judice, after appellant entered a guilty plea, at his arraignment, the trial court specifically informed him that if he failed "* * * to comply with the terms of community control, the term can be increased up to five years, additional conditions can be imposed or additional jail time and fines can be imposed * * *. Tr. Arraignment, Oct. 4, 2005, at 17. Although this warning would have been inadequate for a felony sentence, it is adequate under the misdemeanor sentencing statute.
 {¶ 14} Appellant's First Assignment of Error is overruled.
 II {¶ 15} Appellant contends, in his Second Assignment of Error, the trial court erred when it failed to reduce his sentence, for the community control violation, by the total number of days he was incarcerated in lieu of bail pending the final revocation hearing. We agree.
 {¶ 16} Appellant argues he is entitled to a thirty-three day reduction in his sentence for the time spent in jail in lieu of bail awaiting the revocation hearing. As noted in appellant's First Assignment of Error, appellant has served his sentence and therefore, this issue is moot. Nevertheless, we will address the issue raised by appellant because it is an issue that is capable of repetition, yet evading review. See State ex rel. BeaconJournal Publishing Co. v. Donaldson (1992), 63 Ohio St.3d 173,175, quoting State ex rel. Plain Dealer Publishing Co. v.Barnes (1988), 38 Ohio St.3d 165, paragraph one of the syllabus.
 {¶ 17} R.C. 2967.191 mandates that the Department of Rehabilitation and Corrections reduce a prisoner's sentence and eligibility for parole in the following manner:
 {¶ 18} "[B]y the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve [his] prison term."
 {¶ 19} The above-cited statute is not an inclusive statute, meaning the statute lists situations where credit for time served is applicable, but it does not limit the situations where it is applicable only to those listed in the statute. See State v.Neville, Belmont App. No. 03 BE 68, 2004-Ohio-6840, at ¶ 10. Thus, even though credit for time served in lieu of bail, while awaiting a revocation hearing, is not listed in the statute it does not preclude a defendant from receiving credit for time served as long as the reason for the confinement arose out of the offense for which the prisoner was convicted and sentenced.
 {¶ 20} The state responds, in its brief, that appellant was held for failure to appear on another matter, and therefore, the thirty-three days should not be credited to his sentence for violation of community control. See Appellee State of Ohio's brief at 5. We have reviewed the record in this matter and find that the Notice of Probation Violation filed on October 3, 2005, was issued in the case sub judice and not in another matter. The trial court issued a judgment entry on October 19, 2005, indicating that appellant stipulated to a probable cause probation violation and setting the matter for a final probation violation hearing in conjunction with three other pending traffic and criminal matters before the court. On November 3, 2005, the trial court issued a judgment entry indicating that at the final probation hearing, appellant admitted the probation violation. The trial court sentenced him to ninety days in jail and revoked his community control.
 {¶ 21} Clearly, although appellant had other pending traffic and criminal matters before the trial court, the reason he was incarcerated in lieu of bail was the result of his violation of community control in Case No. 04CRB00303. Accordingly, pursuant to R.C. 2967.191, appellant was entitled to be credited for the time he served in jail, in lieu of bail, while awaiting his final probation revocation hearing.
 {¶ 22} Appellant's Second Assignment of Error is sustained. However, since appellant has served his sentence in its entirety, this ruling has no affect on him.
 {¶ 23} For the foregoing reasons, the judgment of the Delaware Municipal Court, Delaware County, Ohio, is hereby affirmed in part and reversed in part.
Wise, P.J. Gwin, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware Municipal Court of Delaware County, Ohio, is affirmed in part and reversed in part.
Costs to be split equally between the parties.
[1] R.C. 2929.25(A)(3) provides as follows, in its entirety:
"(3) At sentencing, if a court directly imposes a community control sanction or combination of community control sanctions pursuant to division (A)(1)(a) of this section, the court shall state the duration of the community control sanctions imposed and shall notify the offender that if any of the conditions of the community control sanctions are violated the court may do any of the following:
"(a) Impose a longer time under the same community control sanction if the total time under all of the offender's community control sanctions does not exceed the five-year limit specified in division (A)(2) of this section;
"(b) Impose a more restrictive community control sanction under section 2929.26, 2929.27, or 2929.28 of the Revised Code, but the court is not required to impose any particular sanction or sanctions;
"(c) Impose a definite jail term from the range of jail terms authorized for the offense under section 2929.24 of the Revised Code."