OPINION *Page 2 
{¶ 1} Defendant-appellant Malcolm Lewis appeals from his convictions and sentences in the Columbiana County Common Pleas Court. This opinion involves two appellate case numbers, 05CO74 (trial court case number 04CR101) and 05CO75 (trial court case number 04CR176). His argument in both appellate numbers is the same, thus only one opinion is issued; he argues that his sentences are erroneous based upon the Ohio Supreme Court case State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. For the reasons stated below, the sentences are vacated and the cases are remanded for resentencing.
 JOINT STATEMENT OF FACTS AND CASE {¶ 2} An incident occurred between Lewis and his wife Angela Livingston on November 20, 2003. In early December 2003 a complaint was filed against Lewis and a warrant was issued for his arrest. He was arrested on March 24, 2004. Bond was set on March 29, 2004. Lewis was unable to make bond. On April 29, 2004, an indictment was issued against Lewis. This case was numbered 04CR101 (appellate number 05CO74). The indictment charged Lewis with domestic violence against his wife Angela Livingston, a violation of R.C. 2919.25(A). As a result of a previous conviction of domestic violence, the degree of this charge was elevated to a fifth degree felony.
 {¶ 3} On May 20, 2004, Lewis entered a not guilty plea to the charge. On June 17, 2004, his bail was lowered, and allowed for him to be released on his own recognizance. The record shows that Lewis was discharged on June 24, 2004.
 {¶ 4} On June 24, 2004, Lewis violated the terms of release. He went to Livingston's house, locked her in a bedroom, and beat her with a metal broom handle. He was arrested that day. On June 29, 2004, while at the court in East Palestine, Lewis allegedly threatened to kill Livingston.
 {¶ 5} All of these actions resulted in a subsequent indictment, trial court case number 04CR176 (appellate number 05CO75), which was filed on July 29, 2004. This indictment contained six counts: count one — burglary, a violation of R.C. 2911.11(A)(1), a second degree felony; count two — felonious assault, a violation of R.C. 2903.11(A)(2), a second degree felony; count 3 — kidnapping, a violation of R.C. *Page 3 2905.01(A)(3) and (4), a first degree felony; count 4 — domestic violence, a violation of R.C. 2919.25(A), a fifth degree felony; count 5 — violating the terms of a protection order, a violation of R.C. 2919.26
or 3113.31, a first degree misdemeanor; and count 6 — intimidation of a crime victim, a violation of R.C. 2921.04(B), a third degree felony. Lewis pled not guilty to the above charges.
 {¶ 6} On September 10, 2004, trial court case numbers 04CR101 and 04CR176 were consolidated. On January 3, 2005, Lewis withdrew his not guilty pleas and entered a guilty plea to all charges. That same day, the trial court found him guilty of all charges.
 {¶ 7} Sentencing occurred on February 9, 2005. The trial court issued separate sentencing journals for each case. In trial court case number 04CR101 (appellate number 05CO74), Lewis was sentenced to nine months for the domestic violence charge. In trial court case number 04CR176 (appellate number 05CO75), Lewis was sentenced to two years for the burglary charge (count 1), six years for felonious assault (count 2); six months for domestic violence (count 4); and two years for intimidation of a crime victim (count 6). The charge for violating a protection order was dismissed based upon double jeopardy grounds. (02/09/05 Tr. 3-4). The trial court ordered the sentences in trial court case number 04CR176 to be served concurrent to each other but consecutive to the sentence issued for domestic violence in trial court case number 04CR101. Journal entries for both 04CR176 and 04CR101 reflect that the sentences issued were to be served consecutive to each other.
 {¶ 8} Also, the journal entries indicated how many days of credit for time served were to be given in each case number. In the journal entry for trial court case number 04CR101, the court noted that Lewis had spent 314 days in jail and thus he was given credit for that time served. In the journal entry for trial court case number 04CR176, the court noted that Lewis would receive credit for the 231 days he spent in jail.
 {¶ 9} Lewis filed a delayed appeal to both of these cases. Trial court case number 04CR101 was appealed through appellate case number 05CO74, and trial court case number 04CR176 was appealed through appellate case number 05CO75. On March 17, 2006, this court issued a journal entry allowing for the delayed appeals.
 ASSIGNMENT OF ERROR *Page 4 {¶ 10} "THE SENTENCE IN THIS MATTER MUST BE VACATED AND REMANDED FOR NEW HEARING IN ACCORDANCE WITH STATE VS. FOSTER, ___ N.E.2d ___,2006 WL 509549 (OHIO), 2006-OHIO-856 (2006)."
 {¶ 11} Lewis was sentenced to nonminimum, nonmaximum sentences in both lower court case numbers. In trial court case number 04CR176, Lewis was sentenced for multiple crimes. Those sentences were ordered to be served concurrently. However, the court ordered the sentences imposed in trial court case numbers 04CR176 and 04CR101 to be served consecutively to each other. Lewis argues, based upon State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, that his sentences must be vacated and the cause remanded for resentencing.
 {¶ 12} The state, in case number 05CO75, concedes that the sentence must be vacated and remanded for resentencing based uponFoster. However, in case number 05CO74, the state is of the position that any error is now moot because Lewis has served the sentence that was rendered in that case. The state's argument is based upon this court's opinion in State v. Verdream, 7th Dist. No. 02CA222,2003-Ohio-7284.
 {¶ 13} In Verdream, this court stated, "[i]f an individual has already served his sentence and is only questioning whether or not the sentence was correct, there is no remedy that we can apply that would have any effect in the absence of a reversal of the underlying conviction." Id. (internal citations omitted). Thus, we held that when an appellant is only challenging the correctness of the sentence and the sentence has been completed, the appeal is moot.
 {¶ 14} In case number 04CR101, Lewis was sentenced to nine months and the trial court indicated in its sentencing journal that he had been in jail for 314 days. If this was the only case Lewis had been sentenced on, then clearly he would have served his entire sentence. However, 04CR101 was consolidated with 04CR176. In 04CR1076, Lewis was sentenced to a total sentence of six years and received credit for 231 days. The sentences in 04CR101 and 04CR176 were ordered to be served consecutive to each other. By consolidating the two cases, in essence they became one case, had one sentencing hearing and thus resulted in one sentence of six years and nine months. *Page 5 
 {¶ 15} Moreover, the credit for time served that is referenced in case numbers 04CR101 and 04CR176 is an indication of time spent in jail prior to sentencing. It is not an indication that in case number 04CR101 Lewis had served 314 days of his sentence issued in that case. Or that in case number 04CR176 he had served 231 days of the sentence issued in that case number. As explained in the facts, on case number 04CR101, Lewis was arrested and held from March 29, 2004 until June 24, 2004 when he was released on bond. He violated the terms of his bond on June 24, 2004 and was rearrested at that time. He remained in jail awaiting trial and sentencing. Sentencing occurred on February 9, 2005. Given those dates 314 days elapsed. On case number 04CR176, Lewis was arrested on June 24, 2004. Sentencing occurred on February 9, 2005. This is an elapse of 231 days.
 {¶ 16} Clearly, the above dates show that the trial court's credit for days served in each case overlapped with each other. Or in simpler terms, the 231 days credit is included in the 314 days credit. Consequently, since the trial court ordered the sentences to be served consecutively, the 314 days for case number 04CR101 cannot be subtracted from the nine month sentence in that case while at the same time 231 days are being subtracted from the six year sentenced on case number 04CR176.
 {¶ 17} Furthermore, the trial court's deliberate overlap of the number of days awaiting trial and not directly specifying the amount of time that should apply to each case's sentence makes it difficult to determine that the sentence issued in 04CR101 has been completed. At most, it could be concluded that from March 29, 2004 until June 29, 2004 (minus the time he was released on bond), is time that should be credited to the sentence in 04CR101. However, beyond that it is clear Lewis was being held on both 04CR101 and 04CR176. Thus, it is impossible for this court to determine which days apply to which sentence. This is especially the case given that the cases were consolidated. Consequently, it cannot be determined which sentence has been served. Thus, Verdream is not applicable, and appeal number 05CO74 is not moot.
 {¶ 18} As it is not moot, we will now address Foster and its application to these cases. In Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court held that the provision of the Revised Code relating to nonminimum (R.C 2929.14(B)), maximum (R.C. 2929.14(C)), and consecutive (R.C. 2929.14(E)(4)) sentences are *Page 6 
unconstitutional because they require judicial findings of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant. Id. at paragraphs one and three of the syllabus. The Court then went on to hold that those unconstitutional provisions could be severed. Id. at paragraphs two and four of the syllabus. Since the provision could be severed, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 19} The implication of Foster is that trial courts are no longer required to give reasons or findings prior to imposing maximum, consecutive, and/or nonminimum sentences; it has full discretion to impose a sentence within the statutory range. Id. at ¶ 100. However, if a trial court does state findings and reasons for imposing maximum, consecutive and/or nonminimum sentences, the sentence must be vacated and the cause remanded to the trial court for a new sentencing hearing in order for the sentencing to comport with Foster. Id. at ¶ 104.
 {¶ 20} The Ohio Supreme Court explained:
 {¶ 21} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 22} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117." Id. at ¶ 104-105. *Page 7 
 {¶ 23} The Supreme Court further explained in Foster's companion caseState v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38, that:
 {¶ 24} "Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by the statutes that are specific to the case itself." Id. at ¶ 38.
 {¶ 25} Here, as stated above, Lewis was sentenced to nonminimum, nonmaximum sentences. Furthermore, one sentence was ordered to be served consecutive to the other concurrent sentences.
 {¶ 26} The imposition of nonminimum consecutive sentences based upon R.C. 2929.14(B) and (E)(4), according to Foster, must result in vacation of the sentence and remand for rehearing. While in this case the trial court did not make any nonminimum sentence findings or consecutive sentence findings, the sentence should be vacated, and the cause remanded for resentencing. See State v. Hooks, 12th Dist. Nos. CA2004-02-047, CA2004-02-050, and CA2004-02-051, 2006-Ohio-1272
(nonminimum); State v. Smathers, 5th Dist. No. 05-COA-019,2006-Ohio-1574 (consecutive). As this court has previously noted, "the Ohio Supreme Court has affirmed decisions to remand because ofBlakely even though the trial courts in those cases fail to make the statutorily required findings. See In re Ohio Criminal SentencingStatutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109 (affirming bothState v. Baccus, 1st Dist. No. C-040028, 2005-Ohio-3407 and State v.Mason, 8th Dist. No. 85061, 2004-Ohio-5388)." State v. Harris, 7th Dist. No. 04JE44, 2006-Ohio-3520.
 {¶ 27} For the foregoing reasons, the sentences are vacated and the cases are remanded for resentencing.
 Donofrio, J., concurs. Waite, J., concurs. *Page 1