OPINION *Page 2 
{¶ 1} Appellant Megan J. Smathers appeals her sentencing entered by the Ashland County Court of Common Pleas.
 STATEMENT OF THE CASE {¶ 2} On March 15, 2005, Appellant Megan Smathers plead guilty to four counts of a five-count indictment in the Ashland County Court of Common Pleas. Counts Two and Four charged Smathers with committing Burglary, R.C. § 2911.12(A)(3), third-degree felonies; Counts Three and Five charged Smathers with Attempt (Grand Theft), RC. § 2913.02(A)(1), fourth-degree felonies. (March 15, 2005 Judgment Entry).
 {¶ 3} On May 2, 2005, the trial court sentenced Appellant as follows:
 {¶ 4} Count Two Burglary: three (3) years;
 {¶ 5} Count Three Attempt (Grand Theft): eighteen (18) months;
 {¶ 6} Count Four Burglary: three (3) years;
 {¶ 7} Count Five Attempt (Grand Theft): eighteen (18) months.
 {¶ 8} Counts Three, Four and Count Five were ordered to be served concurrently to Count Two. Count Two was ordered to be served consecutively to the November 29, 2004, sentence of the Medina County Court of Common Pleas.
 {¶ 9} Appellant timely appealed the trial court's sentence, challenging the constitutionality of her sentence under Blakely v.Washington (2004), 542 U.S. 296. By Opinion dated March 30, 2006, this Court vacated Appellant's sentence and remanded the matter back to the trial court for a new sentencing hearing consistent with State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. State v.Smathers, Ashland Co. App. No. 05-COA-019, 2006-Ohio-1574. *Page 3 
 {¶ 10} On October 20, 2006, a hearing was held wherein the trial court re-sentenced Appellant. At said hearing, the trial court again ordered Appellant to serve three-years incarceration on both Counts Two and Four, and 18-months incarceration on both Counts Three and Five, and ordered that the sentences be served concurrently. (October 30, 2006 Judgment Entry — Re-sentencing; October 20, 2006 Sentencing Hearing Tr. 9-10). The trial court also ordered Appellant to serve the three-year sentence on Count Two consecutively to the sentence imposed in November, 2004, by the Medina County Court of Common Pleas. The trial court also ordered Appellant to pay court costs of $45.00 and notified her of the possibility of post-release control. (October 30, 2006 Judgment Entry at 4-5; Sent. Hrg. T. at 12-13).
 {¶ 11} Appellant now appeals, assigning the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 12} "I. THE TRIAL COURT ERRED IN IMPOSING AN ILLEGAL SENTENCE."
 I. {¶ 13} In her sole assignment of error, Appellant argues the trial court erred in applying State v. Foster (2006), 109 Ohio St.3d 1
retroactively in violation of her constitutional rights. We disagree.
 {¶ 14} The sentence entered by the trial court as set forth above, as directed by Foster supra, does not violate the ex-post facto and due process clauses of the Ohio and United States Constitution.
 {¶ 15} The Ohio Supreme Court in Foster concluded trial courts have full discretion to impose a prison sentence within the statutory range, and are not required *Page 4 
to make findings or give their reasons for maximum, consecutive, or greater than the minimum sentences. Id at 30.
 {¶ 16} This Court addressed this issue in State v. Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542, finding:
 {¶ 17} "Appellant essentially seeks the benefit of a state of law that never existed; * * * appellant was never guaranteed that he would receive the minimum prison term. However, that is the result that the appellant would have this Court mandate by retroactively applying the constitutional decision in Foster while refusing to apply the remedial holding in Foster.
 {¶ 18} "[E]ven if the remedial holding in Foster were not applied in the case of an offender who has not previously served a prison sentence, such as appellant, trial courts would have the discretion to overcome the minimum sentence pursuant to R.C. 2929.11 and R.C. 2929.12. As these statutes were in existence at the time appellant committed the crimes, [and were found to be constitutional in Foster ], the appellant had sufficient warning of the potential consequences of his actions to satisfy * * * due process concerns [.]"
 {¶ 19} Based upon our holding in Paynter, we find the sentence imposed did not violate the ex post facto clause or Appellant's due process rights. *Page 5 
 {¶ 20} Appellant's sole assignment of error is overruled.
 {¶ 21} For the foregoing reasons, Appellant's sentence entered in the Court of Common Pleas, Ashland County, Ohio, is affirmed.
 By: Wise, J. Farmer, P. J., and Delaney, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1