[Cite as *State v. Davis*, 2013-Ohio-4362.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 12 MA 120 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| WILLIAM DAVIS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
                                 Court, Case No. 12 CR 77.


JUDGMENT:                        Affirmed. Counsel's Motion to
                                 Withdraw Granted.


APPEARANCES:
For Plaintiff-Appellee:          Attorney Paul J. Gains
                                 Prosecuting Attorney
                                 Attorney Ralph M. Rivera
                                 Assistant Prosecuting Attorney
                                 21 W. Boardman St., 6th Floor
                                 Youngstown, OH 44503


For Defendant-Appellant:         Attorney Rhys Cartwright-Jones
                                 42 North Phelps Street
                                 Youngstown, OH 44503


JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite


                                 Dated: September 23, 2013

[Cite as *State v. Davis*, 2013-Ohio-4362.]
DeGenaro, P.J.

{¶1} Defendant-Appellant, William Davis, appeals the June 7, 2012 judgment of the Mahoning County Court of Common Pleas convicting him of one count of trafficking in or illegal use of supplemental nutrition assistance program benefits, specifically food stamps, or WIC program benefits and sentencing him accordingly. Appointed appellate counsel filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), and *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970), and requested leave to withdraw from the case. Davis failed to file a pro-se brief.

{¶2} A thorough review reveals that there are no meritorious errors. The plea colloquy complied with Crim.R. 11(C) and, as such, the plea was knowingly, voluntarily, and intelligently entered. Any challenge to the sentence is moot since Davis has fully served his prison sentence. Accordingly, the judgment of the trial court is affirmed and counsel's motion to withdraw is granted.

## Facts and Procedural History

{¶3} On February 16, 2012, Davis was indicted by the Mahoning County Grand Jury on one count of count of trafficking in or illegal use of food stamps or WIC program benefits (R.C. 2913.26(B) and (D)), a fifth-degree felony. There is no information in the record concerning the underlying facts of the case.

{¶4} Davis was arraigned, pled not guilty and counsel was appointed. Davis later entered into a Crim.R. 11 plea agreement with the State. Davis agreed to plead guilty to the charge in the indictment and in exchange the State agreed to recommend community control and restitution.

{¶5} A Criminal Rule 11 plea hearing was held during which time the trial court engaged in a colloquy with Davis concerning the rights he would give up by pleading guilty. At the end of the hearing, the court accepted Davis' plea as knowingly, voluntarily and intelligently made and continued sentencing so that a presentencing investigation could be prepared.

{¶6} After a sentencing hearing, the trial court imposed a 10 month prison term followed by an optional 3 years of post-release control but waiving fines and costs; and

giving Davis one day of jail-time credit. The trial court ordered that the issue of restitution be kept open for 30 days, since at the time of sentencing the prosecution had no information concerning the amount of restitution required. The restitution was never revisited within the 30-day period.

{¶7} This timely appeal followed on June 28, 2012. No stay of sentence pending appeal was filed. Complete transcripts of the trial court proceedings were not filed with this court until November 2012. After several leaves, appointed appellate counsel filed an *Anders* no-merit brief on January 10, 2013. In a January 30, 2013 entry, this court informed Davis his counsel filed a no-merit brief and granted him 30 days to file his own brief, which he did not do.

### Anders No-Merit Brief

{¶8} An attorney appointed to represent an indigent criminal defendant may seek permission to withdraw if the attorney can show that there is no merit to the appeal. *See generally Anders*, 386 U.S. 738. To support such a request, appellate counsel is required to undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support an appeal. *Toney*, 23 Ohio App.2d at 207. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous. *Id.*

{¶9} In *Toney*, this Court established guidelines to be followed:

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

5. It is the duty of the Court of Appeals to fully examine the proceedings in

the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

**{¶10}** Pursuant to *Anders and Toney*, this court must now review the proceedings and determine whether it agrees that this appeal wholly lacks merit. In the typical *Anders* case involving a guilty plea, the only issues that can be reviewed on appeal relate to the plea or the sentence. *See, e.g., State v. Verity*, 7th Dist. No. 12 MA 139, 2013-Ohio-1158, ¶11.

**{¶11}** This court's review is even more limited here because Davis has already served his entire 10 month prison sentence. However, a review of issues regarding the plea which challenge the felony conviction itself is not moot due to the many adverse collateral disabilities that accompany a felony conviction, even after the sentence has been served. *State v. Verdream*, 7th Dist. No. 02 CA 222, 2003-Ohio-7284, ¶13 citing *State v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d 109 (1994). However, any challenge to the prison sentence itself is moot. *Verdream* at ¶13-14 (challenge to maximum, consecutive felony sentences dismissed as moot where appellant had completed his sentence by the time appeal was decided). Thus, the only arguable appealable issues concern Davis's plea.

**Plea**

{¶12} A plea must be made knowingly, voluntarily and intelligently. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶7; *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). If it is not, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03 MA 196, 2004-Ohio-6806, ¶11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Johnson*, 7th Dist. No. 07 MA 8, 2008-Ohio-1065, ¶8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

{¶13} In order for a trial court to ensure that a felony defendant's plea is knowing, voluntary and intelligent, it must engage the defendant in a colloquy pursuant to Crim.R. 11(C). *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶25-26. During the colloquy, the trial court is to provide specific information to the defendant, including constitutional and nonconstitutional rights being waived. Crim.R. 11(C)(2); *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355.

{¶14} The constitutional rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to have the state prove the defendant's guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c); *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶19-21. A trial court must strictly comply with these requirements. *Id.* at ¶31; *State v. Ballard*, 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981). "Strict compliance" does not require a rote recitation of the exact language of the rule. Rather, a reviewing court should focus on whether the "record shows that the judge explained these rights in a manner reasonably intelligible to the defendant." *Id.* at paragraph two of the syllabus.

{¶15} The nonconstitutional rights include that the defendant must be informed of the effect of his plea, the nature of the charges, and the maximum penalty involved, which includes an advisement on post-release control if applicable. Further, a defendant must be notified, if applicable, that he is not eligible for probation or the imposition of

community control sanctions. Finally, this encompasses notifying the defendant that the court may proceed to judgment and sentence after accepting the guilty plea. Crim.R. 11(C)(2)(a)(b); *Veney*, 120 Ohio St.3d 176 at ¶10-13; *Sarkozy*, 117 Ohio St.3d 86, at ¶19-26. The trial court must substantially comply with these requirements. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* at 108. In addition, a defendant who challenges his guilty plea on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have otherwise been made. *Veney*, 120 Ohio St.3d 176 at ¶15 citing *Nero*, 56 Ohio St.3d at 108.

**{¶16}** The trial court's advisement of Davis's constitutional rights strictly complied with Crim.R. 11(C)(2)(c). Davis was informed that by pleading guilty he was waiving his right to a jury trial, his right to confront witnesses against him, his right to subpoena witnesses in his favor, his right to have the State prove at trial each and every element of the charged offenses beyond a reasonable doubt and his right to not testify at trial.

**{¶17}** The trial court substantially complied with Crim.R. 11(C) when advising Davis of his nonconstitutional rights. Davis was advised of the nature of charges against him, illegal use of food stamps. He was correctly advised of the maximum penalty involved, 12 months in prison and a $2500 fine, and that he could be subject to a discretionary post-release control term of up to three years. R.C. 2929.14(A)(5); R.C. 2967.28(C). The trial court also informed him that he was eligible for community control, and that the court could proceed immediately to sentencing after accepting the guilty plea.

**{¶18}** Considering all of the above, the plea colloquy complied with Crim.R. 11(C) and, as such, the plea was knowingly, voluntarily, and intelligently entered. There are no appealable issues concerning the plea. Further, any challenge to the sentence is moot since Davis has served his entire prison sentence.

**{¶19}** In conclusion, there are no meritorious errors. Accordingly, the judgment of

the trial court is affirmed and counsel's motion to withdraw is granted.

Vukovich, J., concurs.

Waite, J., concurs.